# In the United States Court of Federal Claims

No. 23-174

(Filed: April 2, 2025)

```
************************************
JEREMIAH BOTELLO, et al.,           *
                                    *
                  Plaintiffs,       *
                                    *
      v.                            *
                                    *
UNITED STATES OF AMERICA,           *
                                    *
                  Defendant.        *
************************************
```

## ORDER

On February 19, 2025, the Court stayed this case "while the Department of Defense [("DoD")] determine[d] how to implement the Executive Order pertaining to the reinstatement of service members discharged under the military's COVID-19 vaccination mandate." [ECF 47] at 1. The Court also ordered the parties to file a joint status report on April 1, 2025, "informing the Court of (i) the status of the implementation of the Executive Order and (ii) whether its implementation has affected any of the pending claims of the individual plaintiffs." *Id.* On April 1, 2025, the parties filed a joint status report. [ECF 48]. The Court has considered the parties' respective positions and orders the following:

- In the joint status report, the government states that, "[i]n light of DoD's policy, the United States intends to request a voluntary remand of the plaintiffs' claims to their respective [board for correction of military/naval records] so that the plaintiffs may (1) submit an application for the correction of records, and (2) request reinstatement, if applicable." [ECF 48] at 3. The government intends to file its motion on or before April 8, 2025. *Id.* The plaintiffs state that they "will set forth their objections to any such motion for voluntary remand if and when such motion is filed." *Id.* at 4. Accordingly, the government **SHALL FILE** its motion for voluntary remand **on or before April 8, 2025**. The plaintiffs shall respond as required by Rule 7.2(a)(1) of the Rules of the United States Court of Federal Claims. The Court will contact the parties to schedule a hearing on the government's motion for a voluntary remand.

- Prior to the stay in this case, the plaintiffs filed their Motion for Judgment on the Administrative Record ("MJAR") on December 6, 2024. *See* [ECF 41]. The government's response and cross-MJAR was due by February 21, 2025, the plaintiffs' response and reply was due by March 28, 2025, and the government's reply was due by April 18, 2025. *See* [ECF 43]. This briefing schedule has been superseded by events in this case. Therefore, the Court will issue a modified

briefing schedule after addressing the government's motion for a voluntary remand.

- On January 29, 2025, the government moved for a 60-day stay, which the Court granted. *See* [ECFs 44, 47]. In light of the parties' upcoming briefing on the government's motion for voluntary remand, the Court hereby lifts the stay.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge